**Keren HERTENSTEIN, Plaintiff,**

**v.**

**KIMBERLY HOME HEALTH CARE, INC., Defendant.**

**No. 98–2369–JTM.**

United States District Court, D. Kansas.

Sept. 14, 1999.

Sarah A. Brown, Sharon A. Coberly, Overland, KS, for plaintiff.

Carl A. Gallagher, Lawrence D. Greenbaum, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendant.

### ORDER

MARTEN, District Judge.

On July 12, 1999, the court by a memorandum order granted the defendant's mo-

tion for summary judgment, holding that the plaintiff's employment discrimination action would be dismissed on the merits.

At some point very close in time to the filing of the court's order, the parties entered into a settlement agreement. Neither party notified the court of any pending settlement. Neither party notified the court when the settlement had been reached. Neither party, prior to the settlement, made any inquiry to the court about the status of defendant's motion for summary judgment.

Instead, in the week after the dismissal of the action, in two separate calls made by two different members of the firm acting as counsel for the defendant contacted the chambers of the court, making inquiries which suggested that the court staff had somehow alerted plaintiff's counsel to the impending dismissal, which prompted her to alter plaintiff's settlement position. After learning of these inquiries, the court conducted a conference call in which it informed counsel that the only communication concerning the summary judgment motion occurring between the court and the parties was the written memorandum order of July 12, 1999. Counsel for the plaintiff affirmatively stated that no other contact between herself and the court had occurred. Counsel for defendants were unable to articulate any evidence which would support any contrary suggestion.

A second call was initiated by defendant's counsel to the court and included plaintiff's counsel as well. Among other things, defendant's counsel indicated his clients did not believe plaintiff's counsel did not have some early notice of the

decision and were not going to honor the settlement on the basis that the settlement was based on a "mutual mistake of fact," that being that the court had granted summary judgment to defendants. On July 26, 1999, plaintiff filed a motion for summary judgment, seeking to enforce the settlement agreement. Plaintiff contends in the motion that defendant has unjustifiably reneged on the agreement, alleging the existence of a mutual mistake. In the same motion, the plaintiff moved to alter and amend the court's order of July 12. On July 30, 1999 the court entered an order directing the parties to brief the jurisdiction of the court to enforce the settlement agreement in light of *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)

The parties have now briefed the issue of continued jurisdiction in the action, and the court finds that the attempt to enforce the settlement agreement must be dismissed.[1] The defendants agree that, under *Kokkonen,* the court must possess an independent basis for exercising continued jurisdiction. The plaintiff essentially argues that *Kokkonen* is irrelevant, and that the court still has the inherent power to enforce the settlement agreement because the matter is still before the court. In support of her argument, plaintiff cites in particular the decisions in *Langley v. Jackson State University,* 14 F.3d 1070, 1075 (5th Cir.1994) and *Trujillo v. State of New Mexico,* No. 98–2068, 1999 WL 63885, *2 (10th Cir. Feb.11, 1999).

Neither decision supports the relief sought by plaintiff. *Langley,* which was decided prior to the Supreme Court's deci-

---

1. The court notes that the parties make no suggestion in their response that continuing jurisdiction to enforce the settlement agreement can be supported by diversity jurisdiction or ancillary federal question jurisdiction. The latter of course is precluded under *Morris v. City of Hobart,* 39 F.3d 1105 (10th Cir. 1994).

In light of the court's holding, the court makes no findings on the merits of plaintiff's motion to enforce the settlement agreement, and the court's order should not be construed as any finding that the settlement agreement is not enforceable in a proper venue.

sion in *Kokkonen,* held that "once a court dismisses an action because of a settlement agreement, and the agreement is neither approved of nor incorporated by the court in its decree or order and the court does not indicate any intention to retain jurisdiction, an action to enforce the settlement agreement requires federal jurisdiction independent of the action that was settled." 14 F.3d at 1074. The court ultimately concluded that the district court erred in attempting to enforce a settlement agreement. In reaching this conclusion, the court distinguished earlier decisions, such as *Massachusetts Cas. Ins. Co. v. Forman,* 469 F.2d 259 (5th Cir.1972), on the grounds that in that case "the plaintiff sought to enforce a settlement agreement entered into to end litigation *then pending* before the district court. In other words, unlike the case before us today, the motion to enforce the settlement agreement was filed *before* the district court dismissed the case." Id. at 1075 (emphasis in *Langley*).

In the present case, as indicated earlier, the court granted the defendant's motion for summary judgment, fully disposing of the present action, on July 12, 1999. The court's order was reached solely on the merits. The clerk's entry of judgment, terminating the action, was entered July 13. Prior to this time, no party attempted to inquire as to the status of the court's ruling. No party attempted to notify the court of any pending, or successful, settlement. Plaintiff filed her motion to enforce the settlement agreement on July 26, *after the court dismissed the action.* The decision in *Langley* does not support plaintiff's argument.

The Tenth Circuit's decision in *Trujillo* is equally unavailing. It is true that in that case the court repeated the (pre-*Kokkonen* ) observation made in *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir. 1993) that a "trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the liti-

gation was pending before it." 1999 WL 63885, at *3. But a review of the decision quickly demonstrates that *Trujillo* has little application here. That is, the case simply did not involve the type of situation addressed in *Kokkonen* and also presented here: an attempt to enforce a settlement agreement after an action has been otherwise dismissed.

Instead, the key issue in *Trujillo* was whether the plaintiff's attorney had the authority to enter into a settlement agreement. The settlement was reached between counsel "[o]n the eve of trial," the matter was removed from the trial docket, and "[w]ithin days," the plaintiff wrote to the court that her attorney had entered into the settlement without authority. *Id.* at *2. The question of the authority to settle was then reviewed first by a magistrate and then de novo by the district court. The magistrate found that plaintiff's attorney had express, implied, and apparent authority to enter into the settlement agreement. Only after it adopted these findings did the district court enforce the settlement. Unlike *Trujillo,* the present case involves an attempt to enforce a settlement reached after formal judgment has been entered on grounds unrelated to the settlement.

Plaintiff also cites as authority *American Tourmaline Fields v. Internat'l Paper Co.,* No. 96–CV–3363–D, 1999 WL 325021 (N.D.Tex. May 19, 1999) for the proposition that the court has inherent power to enforce the settlement agreement. Again, this decision fails to justify the reliance or interpretation placed upon it by the plaintiff. That court held:

> Federal courts have long recognized that they have the inherent power to enforce a settlement agreement that is consummated in a pending case. *Langley v. Jackson State Univ.,* 14 F.3d 1070, 1075 (5th Cir.1994). *It is only after the court dismisses the suit in its entirety*

*that the court must have an independent basis for jurisdiction to enforce a settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378–80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Langley,* 14 F.3d at 1074. Because the instant action is still pending in this court, the court has jurisdiction to enforce the terms of the Agreement.

1999 WL 325021 at *2 (emphasis added). The court determined that it had jurisdiction because the previous order of dismissal had only partially resolved the claims in the action. *See also Consolidation Coal Co. v. United States Dept. of Interior,* 43 F.Supp.2d 857 (S.D.Ohio, 1999) (concluding that it had the power to enforce a settlement agreement because its stipulation of dismissal was an interlocutory order which did not resolve claims against remaining parties, and hence was not a final order).

In the present case, of course, the court's order did indeed dismiss plaintiff's suit in its entirety. The court is bound by the observation in *Kokkonen* that "[e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." 511 U.S. at 378, 114 S.Ct. 1673. *"Kokkonen* holds that a court lacks subject matter jurisdiction to enforce a settlement absent an independent jurisdictional basis or a reservation of jurisdiction in the order dismissing the action." *Consumers Gas & Oil, Inc. v. Farmland Industries,* 84 F.3d 367, 370 (10th Cir.1996). In *United States v. Hardage,* 58 F.3d 569, 574 (10th Cir.1995), the court wrote:

Federal courts have limited jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2103–04, 72 L.Ed.2d 492 (1982), and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, *id.* at 701–02, 102 S.Ct. at 2103–04, and the Constitution, Article III, Section 2, Clause 1. *See also Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 376, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Willy v. Coastal Corp.,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Thus, with the exception of certain powers which truly fit the rubric of "inherent power," such as the powers to determine their own jurisdiction and to manage their own dockets, *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962), federal courts cannot act in the absence of statutory authority.

As the Ninth Circuit has observed, following *Kokkonen* "district courts have no inherent power to enforce settlement agreements entered into by parties litigating before them." *Arata v. Nu Skin International,* 96 F.3d 1265, 1268 (9th Cir.1996) *(citing Kokkonen,* 114 S.Ct. at 1675–76).

■ In the present case, the court entered a final order dismissing the entirety of the action prior to any attempt to enforce the settlement agreement. The case remains pending only to the extent that the plaintiff has submitted a motion to alter and amend pursuant to Rule 59. Accordingly, the court's ability to review this matter is limited. The court thus has the ability to alter its prior order under Rule 59(e) only to correct manifest errors of law or to present newly discovered evidence. *See Phelps v. Hamilton,* 122 F.3d 1309 (10th Cir.1997). Here, no such errors of law or newly discovered evidence have been even suggested.

Plaintiff has submitted not a single argument supporting her motion to alter and amend. Instead, she has simply requested additional time to brief the subject, stating simply that "her filings are not necessary" at this time, requesting an exemption from briefing the motion until some time after the motion to enforce the settlement agreement has been resolved.

Plaintiff mistakes the standard required for an extension of time, confusing what is

to her advantage (leaving the Rule 59 motion unbriefed, thereby allowing her to argue that the matter is technically still "pending," see Plf. Brief, Dkt. No. 132, at 2 n. 2) with the good cause required by D.Kan.Rule 6.1. The plaintiff's interest in presenting the motions to the court piecemeal is not good cause. Within the time since the court's memorandum order of July 12, 1999, plaintiff has had the time and opportunity to fully brief her motion for summary judgment to enforce the settlement agreement. Following the court's directive of July 30 to brief the issue of jurisdiction, the plaintiff has been able (with the court's granting of an extension of time on August 12) to fully brief that issue as well.

It defies reason to suggest that during this interim, the plaintiff has been unable to brief her request to alter and amend the judgment. The requested extension is denied. Since plaintiff has wholly failed to make any showing of manifest errors of law or newly discovered evidence, her motion to alter and amend the memorandum order of July 12, 1999 will be denied.

One matter merits further mention. As noted earlier, defendant's counsel has essentially asserted that the court and plaintiff's counsel have engaged in improper *ex parte* communication as the court's decision was imminent. Counsel's assertions are not only false, but reckless. If the parties had simply advised the court of their settlement as is required by D.Kan. Rule 40.3: "The parties shall *immediately* notify the court of an agreement reached by the parties which resolves the litigation as to any or all parties" (emphasis added), this entire dispute would never have arisen.

When a party settles a case with a summary judgment motion pending, the party takes a risk that the motion might already have been decided favorably to that party. To seek to avoid responsibility for making that judgment by suggesting an ethical breach on the part of opposing counsel, and, thus, by necessity, the court is not being a "zealous advocate." Rather, it is

unprofessional, inappropriate, and, not least of all, disappointing. When plaintiff's counsel and the court have unequivocally advised not one, but two lawyers from defendant's counsel's firm in three telephone conversations that no *ex parte* contact occurred on *any* topic at *any* time, I am not impressed that counsel simply shrugs off his responsibility as an officer of the court by saying, "My client does not believe that and I must zealously represent my client." False assertions recklessly made have no place in the legal profession and lawyers who make them do a great disservice to the entire system.

Defendant's counsel has indicated that the inquiries he and his colleague made of the court were simply a "miscommunication" or "misunderstanding" but there is no way to interpret counsel's comment that "There is something going on here" other than as an accusation of improper *ex parte* contact. The court condemns *ex parte* contact in the strongest possible terms, but condemns false accusations of such contact in equal measure.